Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | **6:26-cv-19** |
| v. | : : | CLASS ACTION COMPLAINT TCPA (47 U.S.C. § 227) |
| ANYTIME FITNESS FRANCHISOR, LLC d/b/a ANYTIME FITNESS and ANYTIME FITNESS SPRINGFIELD | : : : | DEMAND FOR JURY TRIAL |
| Defendants. | : : | |

_____/

## CLASS ACTION COMPLAINT

### NATURE OF THIS ACTION

1.     Chet Michael Wilson ("Plaintiff") brings this class action against Anytime Fitness Franchisor, LLC and Anytime Fitness Springfield (collectively "Defendants") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.     More specifically, Defendants made pre-recorded telemarketing calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

3.     Furthermore, upon information and good faith belief, Defendants routinely use an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

Complaint                                    1

**JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events or omissions giving raise to the claim, including the calls directed to Plaintiff, occurred in this district.

6.     Additionally, Defendant Franchisor willfully availed themselves in this district by entering into a franchise agreement with Defendant Franchisee who resides in this district.

**PARTIES**

7.     Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39), and is a natural person who resides in Oregon in this District, residing in Lane County.

8.     Defendants are and at all relevant times were, a "person" as defined by 47 U.S.C. § 153(39).

9.     Defendant Anytime Fitness Franchisor, LLC is a limited liability company that is headquartered in Washington County, Minnesota.

10.     Defendant Franchisee Anytime Fitness Springfield is headquartered in Lane County, Oregon.

**PLAINTIFF'S ALLEGATIONS**

11.     Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number, (541) XXX-9999.

12.     Plaintiff is the regular and sole user of that telephone number.

13.     Plaintiff uses telephone number (541) XXX-9999 as a personal residential telephone number.

14.    Plaintiff does not have a landline.

15.    Plaintiff has no other telephone numbers used for personal purposes.

16.    Plaintiff maintains a personal wireless telephone plan that is paid for by Plaintiff.

17.    Plaintiff does not use telephone number (541) XXX-9999 for business or commercial purposes.

18.    Plaintiff registered telephone number (541) XXX-9999 with the National Do Not Call Registry more than 30 days before the calls at issue.

19.    Defendants called Plaintiff's cellular telephone number, (541) XXX-9999, on December 21, 2025, and December 22, 2025.

20.    The calls came from telephone number (541) 741-6774.

21.    The calls resulted in voicemail messages being delivered to Plaintiff's cellular telephone.

22.    During the calls and voicemail messages, the caller identified itself as Anytime Fitness and invited Plaintiff to visit a fitness club location, take a tour, and schedule a booking with a manager.

23.    The voicemail messages were delivered using an artificial or prerecorded voice. The messages were uniform in tone and content, lacked natural human inflection, and were delivered in an automated manner consistent with prerecorded voice technology.

24.    The purpose of the calls was to advertise and market Defendants' fitness facilities and services.

25.    The messages contained no personal information, no account references, and no indication that they were directed specifically to Plaintiff. Instead, they appeared to have been transmitted as part of a broader outbound telemarketing campaign.

26.     Plaintiff does not have, and has never had, an account with Defendant.

27.     Plaintiff does not, and did not, do business with Defendants.

28.     Plaintiff did not provide his telephone number to Defendants.

29.     Plaintiff did not provide Defendants with prior express consent to place telephone solicitation calls or to deliver calls using an artificial or prerecorded voice to his cellular telephone number.

30.     Plaintiff listened to the voicemail messages delivered as a result of the calls.

31.     Plaintiff suffered actual harm as a result of Defendants' calls, including an invasion of privacy, an intrusion into his daily life, and a private nuisance.

32.     Upon information and belief, Defendants, as a matter of pattern and practice, places telephone solicitation calls and delivers prerecorded voice messages to telephone numbers registered on the National Do Not Call Registry without maintaining adequate procedures to ensure compliance with federal and state do-not-call laws.

## DEFENDANT ANYTIME FITNESS FRANCHISOR, LLC'S LIABILITY

33.     The calls were placed by an Anytime Fitness franchisee acting on behalf of, and for the benefit of, Defendant franchisor.

34.     At all relevant times, Defendants Anytime Fitness Franchisor, LLC exercised control over the branding, marketing, and customer-outreach practices of its franchisees, including the use of the Anytime Fitness name, trademarks, and marketing scripts.

35.     The calls and voicemail messages expressly identified Anytime Fitness and promoted Anytime Fitness services, thereby creating the appearance that the calls were placed by, or with the authorization of, Defendant franchisor.

36.    Defendant Anytime Fitness Franchisor, LLC authorized its franchisees to hold themselves out as representatives of Anytime Fitness and to solicit prospective customers using the Anytime Fitness brand.

37.    By permitting franchisees to place outbound telephone solicitation calls and prerecorded voice messages using the Anytime Fitness name, and by failing to distinguish franchisee-initiated calls from calls placed directly by Defendant franchisor, Defendant franchisor cloaked its franchisees with apparent authority to act on its behalf.

38.    A reasonable consumer receiving the calls would believe they were placed by, or with the authority of, Anytime Fitness.

39.    Defendant franchisor further ratified the conduct complained of herein by accepting the benefits of the telemarketing campaign, including increased brand exposure, tours, and prospective memberships, while failing to repudiate or prevent the unlawful calls.

40.    Accordingly, Defendant franchisor is vicariously liable for the unlawful telephone solicitation calls and prerecorded voice messages placed by its franchisee pursuant to principles of agency, apparent authority, and ratification.

## CLASS ACTION ALLEGATIONS

41.    Plaintiff brings this Class Action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), and Oregon Local Rule 23-2 individually and on behalf of the following:

**National Do-Not-Call Registry Class:** All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but then received two or more telephone calls from, or on behalf of, Defendants (3) during a 12-month period and (4) within four years prior to the commencement of this litigation and up until the date of trial.

**Prerecorded Voice Class:** All persons in the United States (1) whose telephone number (2) received one or more telephone calls from, or on behalf of, Defendants (3) during a 12-month period, (4) within four years prior to the commencement of

this litigation and up until the date of trial, and (5) when the telephone call used a prerecorded or artificial voice.

42.    Excluded from the Classes are Defendants, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

43.    Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

44.    The exact number of members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

45.    The Classes are ascertainable because it is defined by reference to objective criteria.

46.    In addition, the members of the Classes are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties.

47.    Plaintiff's claims are typical of the claims of the members of the Classes.

48.    As it did for all members of the Classes, Defendants placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

49.    In addition, like all members of the Classes, Plaintiff did not have an account with Defendants.

50.    Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendants.

51.    Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

52.    Plaintiff suffered the same injuries as the members of the Classes.

53.    Plaintiff will fairly and adequately protect the interests of the members of the

Classes.

54.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

55.     Plaintiff will vigorously pursue the claims of the members of the Classes.

56.     Plaintiff has retained counsel experienced and competent in class action litigation.

57.     Plaintiff's counsel will vigorously pursue this matter.

58.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

59.     The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the Classes.

60.     Issues of law and fact common to all members of the Classes are:

   a.  Defendants' violations of the TCPA;

   b.  Defendants' conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c.  Defendants' conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   d.  Defendants' use of an artificial or prerecorded voice;

   e.  The availability of statutory penalties.

61.     A Class action is superior to all other available methods for the fair and efficient adjudication of this matter.

62.     If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

63.     The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

64.     The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

65.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

66.     The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

67.     The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

68.     There will be little difficulty in the management of this action as a class action.

69.     Defendants have acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

70.     Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

71.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

violations of the TCPA, by making telemarketing solicitations, except for emergency purposes, to the Plaintiff and the National Do-Not-Call Class despite their numbers being on the National Do-Not-Call Registry.

72.     Defendants violated the TCPA willfully or knowingly.

73.     Plaintiff and National Do-Not-Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

74.     Plaintiff and National Do-Not-Call Class Members seek injunctive relief prohibiting Defendants from making further unlawful telephonic solicitations to Plaintiff and National Do-Not-Call Class Members.

<u>SECOND CAUSE OF ACTION</u>
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Prerecorded Call Class)**

75.     Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

76.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, by making telephonic solicitations, except for emergency purposes, to the Plaintiff and the Prerecorded Call Class while using a prerecorded and/or artificial voice.

77.     Defendants violated the TCPA willfully or knowingly.

78.     Plaintiff and Prerecorded Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

79.     Plaintiff and Prerecorded Call Class Members seek injunctive relief prohibiting Defendants from making further unlawful telephonic solicitations to Plaintiff and Prerecorded Call Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the Classes under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as Class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendants violated 47 U.S.C. § 227(c)(5) and (b)(1)(A);

e) Enjoining Defendants from continuing their violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the Classes, and in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the Classes damages under 47 U.S.C. § 227(b)(3)(B) and (c)(5);

g) Awarding Plaintiff and the members of the Classes treble damages under 47 U.S.C. § 227(b)(3) and (c)(5);

h) Awarding Plaintiff and the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 6th day of January, 2026.

*s/Andrew Roman Perrong*
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
*Lead Attorney for Plaintiff and the Proposed Class*